**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
KENNETH HANSEN,

                        Plaintiff,

   -against-                                           24 **CIVIL** 2808 (JMF)

**JUDGMENT**

CITY OF NEW YORK et al.,

                        Defendants.
-----------------------------------------------------------------X

      It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated February 24, 2025, Defendants' motion to dismiss is GRANTED, albeit without prejudice to Hansen refiling his claims under the NYCSL, NYSHRL, and NYCHRL in state court. Additionally, the Court declines to sua sponte grant Hansen leave to amend the Complaint. Although leave to amend a pleading should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), "it is within the sound discretion of the district court to grant or deny leave to amend," McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). Here, Hansen has neither sought leave to amend nor suggested that he possesses any additional facts that could cure the defects in his dismissed claims. See, e.g., TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014); Baptiste v. City Univ. of New York, 680 F. Supp. 3d 415, 428 (S.D.N.Y. 2023) (declining to grant leave to amend in the absence of any suggestion that additional facts could remedy the defects in the plaintiff's pleadings). Furthermore, Hansen was on notice of Defendants' arguments when he filed the Complaint in response to Defendants' original motion to dismiss, and he was expressly warned that he would "not be given any further opportunity to amend the complaint to address issues

raised by the motion to dismiss." ECF No. 21; see Natl Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n, 898 F.3d 243, 257-58 (2d Cir. 2018) ("When a plaintiff was aware of the deficiencies in his complaint when he first amended, he clearly has no right to a second amendment even if the proposed second amended complaint in fact cures the defects of the first." (cleaned up)). Judgment is entered in favor of Defendants; accordingly, the case is closed.

**Dated:**  New York, New York

      February 24, 2025

                                          **TAMMI M. HELLWIG**
                                          **Clerk of Court**

**BY:**  *K. Mango*

                                          **Deputy Clerk**